IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**SCOTT MARSHALL,**

    **Movant,**

**v.**                                            **Case No. 2:05-cv-00046**
                                               **Case No. 2:02-cr-00226-05**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending are Movant, Scott Marshall's (hereinafter "Defendant") Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (docket sheet document # 251) and letter-form motion for Transcripts (# 245). This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**PROCEDURAL HISTORY**

Following a jury trial on January 23 and 24, 2003, Defendant was convicted of one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846. Defendant's sentencing took place on April 24, 2003. Defendant pursued three objections to his Presentence Report ("PSR"). First, he objected to the entirety of the quantity of drugs attributed to him as relevant conduct, as stated in paragraphs 12, 13 and 14 of the PSR. (# 182 at 4).

Defendant also requested that he be given a minor role in the offense and that he be given a downward departure of two points based upon the over-representation of his criminal history and his condition as a homeless person living in a crack house at the time of the offense. (<u>Id.</u>).

The presiding District Judge found by a preponderance of the evidence that a total of three and one-quarter ounces of cocaine base and one ounce of cocaine powder were attributable to Defendant. This amount was converted to 1,848.42 kilograms of marijuana, which resulted in a base offense level of 32. (<u>Id.</u> at 14-15). The presiding District Judge further found that Defendant was not entitled to a minor role in the offense because he had introduced other members of the conspiracy to a drug source in Winston-Salem, North Carolina. (<u>Id.</u> at 15). Finally, the presiding District Judge found that there was no over-representation of Defendant's criminal history and that Defendant was not entitled to a downward departure based upon his status as a homeless person at the time of the offense. (<u>Id.</u> at 15-18).

The presiding District Judge determined that Defendant's total offense level was 34. Based upon that level and Defendant's criminal history category of IV, Defendant's Guideline sentencing range was determined to be 210-262 months. (<u>Id.</u> at 18). Defendant was sentenced to 210 months, followed by a five-year term of supervised release. (<u>Id.</u> at 26). A Judgment in a Criminal Case

was entered on May 16, 2003.  (# 171).

   Defendant filed a timely Notice of Appeal to the United States Court of Appeals for the Fourth Circuit on May 23, 2003.  (# 175).  In his appeal, Defendant challenged the District Court's admission of one of the Government's exhibits, claiming that it was unduly prejudicial.  Defendant also argued that the District Court erred in denying Defendant's motion for judgment of acquittal based upon insufficiency of evidence, and further challenged the District Court's refusal to grant Defendant a downward departure from the Guidelines range.  On October 16, 2003, the Fourth Circuit affirmed Defendant's conviction and sentence.  <u>United States v. Marshall</u>, No. 03-4432 (4th Cir. Oct. 16, 2003)(# 208).  Defendant did not file a petition for a writ of certiorari in the United States Supreme Court.

   Defendant filed the instant section 2255 motion on January 18, 2005.  (# 251).  On January 19, 2005, the undersigned entered an order notifying Defendant that his motion would be held in abeyance pending appellate court rulings on the retroactivity of the United States Supreme Court's holding in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). (# 255).  On November 7, 2005, the Fourth Circuit issued its ruling in <u>United States v. Morris</u>, 2005 WL 2950732 (4th Cir., Nov. 7, 2005), in which the court held that <u>Booker</u> is not retroactive on collateral review.  Because Defendant's section 2255 motion lacks merit, the undersigned has not required a response

3

from the United States.

## ANALYSIS

Defendant's section 2255 motion challenges the District Court's calculation of his relevant conduct based upon a preponderance of the evidence, in light of the recent United States Supreme Court's rulings in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), and the Court's subsequent ruling in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). Specifically, Defendant states:

> At sentencing, on April 23, 2003, through the pre-sentence investigation report, this court held Movant liable for 91 grams of cocaine base and 28 grams of cocaine powder, which total 119 grams; using the preponderance of the evidence standard. Moreover, the Movant was sentenced to 210 months. See [21] U.S.C. § 841(b)(1)(B), five years minimum and forty years maximum. Where as the jury verdict alleged no specific finding of the specific drug type or drug quantity. Specifically, the jury found the Movant guilty as charged, as alleged in Count One of the Indictment. There were no specific drug type or drug quantity found by the jury, which became a sentencing factor, at the Movant's sentencing, on April 23, 2003.
>
> In the instant cause of action, Movant contends that his substantial rights were affected because the Movant was sentenced to a term greater than that authorized by a jury finding. On the basis of uncharged fact found by a sentencing judge, by a standard lower than reasonable doubt. <u>Specifically, the Movant's base offense level was established under the drug quantity table for cocaine base, noting that 28 Grams of the substance was cocaine.</u>

(# 252 at 4)(emphasis in original). Defendant further asserts that the ruling in <u>Blakely</u> is not a new rule within the meaning of <u>Teague v. Lane</u>, 498 U.S. 288 (1989), and that the ruling is "merely an application of [existing] principles. (<u>Id.</u> at 10).

4

Prior to 1996, a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 was not subject to a specific time limitation with respect to filing of the motion.  However, in 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996,(hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255.

The one-year period runs from the latest of one of four specified events:

> (1) the date on which the judgment on conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or Laws of the United States is removed if the movant was prevented from making such motion by governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been duly recognized by the Supreme Court and made retroactively applicable  to cases on review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  Defendant's conviction became final on or about January 14, 2004, when the time for filing a petition for a writ of certiorari expired.   See Clay v. United States, 537 U.S. 522 (2003).  Therefore, Defendant's time to file his section 2255 motion expired on or about January 14, 2005.  Defendant signed his section 2255 motion on January 3, 2005.  Applying the holding in Houston v. Lack, 487 U.S. 266 (1988)(documents filed by pro se prisoners are considered filed as of the date they are delivered to prison officials for forwarding to the court), the undersigned

proposes that the presiding District Judge **FIND** that Defendant's section 2255 motion is timely under 28 U.S.C. § 2244(d)(1)(A). Accordingly, the undersigned will address the merits of the arguments made in the motion.

Defendant asserts that his sentence should be vacated because the District Court "made additional drug type and drug quantities findings, not alleged in the indictment nor submitted to the jury and proven beyond a reasonable doubt." (# 252 at 11). According to the verdict form, the jury found Defendant "guilty of the charge contained in Count One of the Superceding Indictment." (# 118). Count One of the Superceding Indictment states:

> From approximately March 2001, to on or about April 25, 2002, at or near Charleston, West Virginia, and within the Southern District of West Virginia and elsewhere, defendants JOSEPH SAMPSON, DANETTE NICOLE KIDD, RONALD CONNER, IRVIN JEROME THOMAS, also known as "Earl," and SCOTT MARSHALL, together with other persons known and unknown to the Grand Jury, knowingly conspired to commit offenses in violation of 21 U.S.C. § 841(a)(1), that is, knowingly and intentionally to distribute <u>more than 5 grams of cocaine base</u>, also known as "crack," a Schedule II controlled substance.
>
> In violation of Title 21, United States Code, Section 846.

(# 7)(emphasis added). Thus, the jury found Defendant guilty of conspiring to distribute over five grams of cocaine base. The District Court found that Defendant was accountable for 91 grams of cocaine base and 28.35 grams of cocaine powder. During the trial, the jury heard evidence that the ounce of powder cocaine was subsequently "cooked up" or processed into cocaine base. (# 158 at

6

115-116). Accordingly, all of the drugs were properly attributable as relevant conduct to Defendant, and in order to provide a consistent medium from which to determine Defendant's Guideline sentencing range, the court converted the drug amounts to their marijuana equivalency. Thus, the undersigned proposes that the presiding District Judge **FIND** that the Defendant's relevant conduct calculation did not exceed the statutory maximum of 40 years, and therefore, was not inappropriate under Apprendi.

On January 12, 2005, the Supreme Court decided United States v. Booker, 125 S. Ct. 738, which reaffirmed the Court's holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), applied the holding in Blakely v. Washington, 124 S. Ct. 2531 (2004) to the Sentencing Guidelines, and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756. The Booker holding applies "'to all cases on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" 125 S. Ct. at 769 (quoting Griffith v. Kentucky, 479 U.S. 314, 328 (1987)). Defendant's case has concluded direct review and is final. Thus Booker does not apply, unless the Supreme Court rules that it is to be applied retroactively to cases on collateral review.

On November 7, 2005, the United States Court of Appeals for the Fourth Circuit held:

> The rule announced in Booker is a new rule of criminal procedure, but it is not a watershed rule. Accordingly, the rule is not available for post-conviction relief for federal prisoners, like Morris, whose convictions became final before Booker (or Blakely) was decided.

United States v. Morris, No. 04-7889, slip op. at 11 (4th Cir. Nov. 7, 2005).

Nine other Circuit Courts of Appeals previously reached the same conclusion and ruled that Booker does not apply retroactively to cases on collateral review. See United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005); Padilla v. United States, 416 F.3d 424 (5th Cir. 2005)(per curiam); Never Misses A Shot v. United States, 413 F.3d 781 (8th Cir. 2005)(per curiam); United States v. Bellamy, 411 F.3d 1182 (10th Cir. 2005); Lloyd v. United States, 407 F.3d 608 (3rd Cir.), cert. denied, 126 S. Ct. 288 (2005); Guzman v. United States, 404 F.3d 139 (2nd Cir.), petition for cert. filed, No. 05-5187 (Jul. 5, 2005); Humphress v. United States, 398 F.3d 855 (6th Cir.), cert. denied, 126 S. Ct. 199 (2005); Varela v. United States, 400 F.3d 864 (11th Cir.)(per curiam), cert. denied, 126 S. Ct. 312 (2005); McReynolds v. United States, 397 F.3d 479 (7th Cir.), cert. denied, 125 S. Ct. 2559 (2005). Not one circuit court of appeals has decided that Blakely or Booker applies retroactively on collateral review.

Based on Morris, and the other decisions rendered by circuit courts of appeals reaching the same conclusion, the undersigned proposes that the presiding District Judge **FIND** that Movant's conviction was final before Blakely and Booker were decided, that neither Blakely nor Booker applies retroactively on collateral review, and that Defendant is not entitled to any relief thereunder.

For these reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's section 2255 motion (# 251) and his Motion for Transcripts (# 245).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant, Scott Marshall, and to counsel of record.

November 23, 2005
Date

*/s/ Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge